UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERGON, INC. and ERGON ASPHALT & EMULSIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NYMAGIC, INC., NEW YORK MARINE AND GENERAL INSURANCE COMPANY, MUTUAL MARINE OFFICE, INC., and MUTUAL MARINE OFFICE OF THE MIDWEST, INC., <br><br> Defendants. | Case No. 11 CIV 1080 (LTS)(FM) <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NEW YORK MARINE AND GENERAL INSURANCE COMPANY, BY ITS MANAGING GENERAL AGENT AND ATTORNEY-IN-FACT PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC., FORMERLY KNOWN AS MUTUAL MARINE OFFICE, INC.** |

New York Marine and General Insurance Company, by its managing general agent and attorney-in-fact ProSight Specialty Management Company, Inc. ("ProSight"), formerly known as Mutual Marine Office, Inc. (collectively "New York Marine"), answers Ergon, Inc. and Ergon Ashpalt & Emulsions, Inc.'s (collectively "Plaintiffs") Complaint through its attorneys, Smith, Stratton, Wise, Heher & Brennan, LLP, as follows:

## NATURE OF THE LAWSUIT

1. To the extent the allegations in Paragraph 1 of the Complaint attempt to characterize the nature of this lawsuit and describe the relief Plaintiffs seek in this matter, it does not contain allegations that require a response. To the extent it is deemed that these allegations require a response, New York Marine denies knowledge or information sufficient to form a belief as to the truth of these allegations. New York Marine denies all other allegations contained in Paragraph 1 of the Complaint. Specifically, New York Marine denies that it has wrongfully refused to defend and indemnify Plaintiffs in an underlying action and that Plaintiffs have been forced to defend that action without the insurance coverage promised by New York Marine under

any policy of insurance.

## THE PARTIES

2. New York Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and leaves Plaintiffs to their proofs.

3. New York Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and leaves Plaintiffs to their proofs.

4. Plaintiffs have dismissed their claim(s) against NY MAGIC, Inc. and a response to the allegations contained in Paragraph 4 of the Complaint is not required.

5. Admitted.

6. ProSight, formerly known as Mutual Marine Office, Inc., is incorporated in the State of New York with its principal place of business in New York, New York.

7. ProSight, formerly known as Mutual Marine Office of the Midwest Inc., is incorporated in the State of New York with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

8. New York Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and leaves Plaintiffs to their proofs.

9. The allegations contained in Paragraph 9 of the Complaint state a legal conclusion, and no response is required. To the extent it is deemed that a response is required, New York Marine admits that its principal place of business and ProSight's

principal place of business are New York, New York and that they conduct business in New York, New York. New York Marine denies the remaining allegations in Paragraph 9 of the Complaint that require a response.

## FACTUAL BACKGROUND

10. New York Marine admits that it issued insurance policies bearing the following numbers: 04580ML492, 08059ML593, 10893ML594, 13201ML595 and 15133ML596 ("NY Marine Policies"). New York Marine states that the terms of the NY Marine Policies speak for themselves, and New York Marine denies the allegations contained in Paragraph 10 of the Complaint to the extent they are inconsistent with those policies.

11. New York Marine states that the terms of the NY Marine Policies speak for themselves, and New York Marine denies the allegations contained in Paragraph 11 of the Complaint to the extent they are inconsistent with those policies.

12. To the extent the allegations in Paragraph 12 of the Complaint state a legal conclusion, no response is required. To the extent it is deemed that these allegations require a response, New York Marine states that the terms of the NY Marine Policies speak for themselves, and New York Marine denies the allegations contained in Paragraph 12 of the Complaint to the extent they are inconsistent with those policies.

13. To the extent the allegations in Paragraph 13 of the Complaint state a legal conclusion, no response is required. To the extent it is deemed that these allegations require a response, New York Marine states that the terms of the NY Marine Policies speak for themselves, and New York Marine denies the allegations contained in Paragraph 13 of the Complaint to the extent they are inconsistent with those policies.

14. New York Marine admits only that all the premiums due under the NY Marine Policies have been paid. ProSight denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. NY Marine admits that it issued an insurance policy bearing the number 04579ML492 ("NY Marine Excess Policy"). New York Marine states that the terms of the NY Marine Excess Policy speak for themselves, and New York Marine denies the allegations contained in Paragraph 15 of the Complaint to the extent they are inconsistent with that policy.

16. New York Marine states that the terms of the NY Marine Excess Policy speak for themselves, and New York Marine denies the allegations contained in Paragraph 16 of the Complaint to the extent they are inconsistent with that policy.

17. New York Marine states that the terms of the NY Marine Excess Policy speak for themselves, and New York Marine denies the allegations contained in Paragraph 17 of the Complaint to the extent they are inconsistent with that policy.

18. New York Marine admits only that all the premiums due under the NY Marine Excess Policy have been paid. New York Marine denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. New York Marine admits that on January 27, 2009, Bonnie Quick, individually and as Plaintiff Ad Litem for Robert L. Quick, Jr., filed a complaint and instituted a matter captioned <u>Quick v. BP Products North America Inc. et. al.</u>, case no. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed on Jan. 27, 2009). New York Marine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, and leaves Plaintiffs to their

proofs.

20. New York Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and leaves Plaintiffs to their proofs.

21. New York Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and leaves Plaintiffs to their proofs.

22. Admitted.

23. New York Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and leaves Plaintiffs to their proofs.

24. New York Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and leaves Plaintiffs to their proofs.

25. New York Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and leaves Plaintiffs to their proofs.

26. New York Marine admits that on April 6, 2010 it contacted Janis H. Erikson at Ergon Inc. in relation to the matter captioned <u>Quick v. BP Products North America Inc. et. al.</u>, case no. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed on Jan. 27, 2009). As to all other allegations in Paragraph 26 of the Complaint, ProSight is without knowledge or information sufficient to form a belief as to the truth of those allegations, and leaves Plaintiffs to their proofs.

27.     New York Marine admits that on April 13, 2010 it advised Ergon Inc. that the NY Marine Policies and the NY Marine Excess Policy (collectively "the Policies") do not provide coverage for the matter captioned <u>Quick v. BP Products North America Inc. et. al.</u>, case no. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed on Jan. 27, 2009). New York Marine admits that it advised Ergon, Inc. that benzene is considered a pollutant and contaminant and the pollution exclusion contained in the Policies excluded coverage.  New York Marine states that it also reserved all of its rights and defenses under the Policies.

28.     New York Marine denies the allegations in Paragraph 28 of the Complaint.

29.     New York Marine denies the allegations in Paragraph 29 of the Complaint.

**FIRST CLAIM FOR RELIEF**

30.     New York Marine repeats and incorporates by reference its responses to Paragraphs 1 through 29 of the Complaint, inclusive, as if fully set forth at length herein.

31.     New York Marine denies the allegations in Paragraph 31 of the Complaint.

32.     New York Marine denies the allegations in Paragraph 32 of the Complaint. In addition, New York Marine states that the "Quick Action" as defined by Plaintiffs in the Complaint was voluntarily dismissed by the plaintiff in that matter, and it did not result in Plaintiffs paying a settlement or judgment.

33.     New York Marine denies the allegations in Paragraph 33 of the Complaint.

34.     New York Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and leaves Plaintiffs to their proofs.

35. Paragraph 35 of the Complaint does not contain allegations that require a response. To the extent it is deemed that Paragraph 35 contains allegations that require a response, New York Marine is without knowledge or information sufficient to form a belief as to the truth of those allegations, and leaves Plaintiffs to their proofs.

## SECOND CLAIM FOR RELIEF

36. New York Marine repeats and incorporates by reference its responses to Paragraphs 1 through 35 of the Complaint, inclusive, as if fully set forth at length herein.

37. New York Marine denies the allegations in Paragraph 37 of the Complaint.

38. New York Marine denies the allegations in Paragraph 38 of the Complaint. In addition, New York Marine states that the "Quick Action" as defined by Plaintiffs in the Complaint was voluntarily dismissed by the plaintiff in that matter and it did not result in Plaintiffs paying a settlement or judgment.

39. New York Marine denies the allegations in Paragraph 39 of the Complaint.

40. New York Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and leaves Plaintiffs to their proofs.

41. Paragraph 41 of the Complaint does not contain allegations that require a response. To the extent it is deemed that Paragraph 41 contains allegations that require a response, New York Marine is without knowledge or information sufficient to form a belief as to the truth of those allegations, and leaves Plaintiffs to their proofs.

## THIRD CLAIM FOR RELIEF

42. New York Marine repeats and incorporates by reference its responses to Paragraphs 1 through 41 of the Complaint, inclusive, as if fully set forth at length herein.

43. New York Marine is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and leaves Plaintiffs to their proofs.

44. New York Marine denies the allegations in Paragraph 44 of the Complaint.

45. New York Marine denies the allegations in Paragraph 45 of the Complaint.

## DEMAND FOR A JURY TRIAL

46. Paragraph 46 of the Complaint does not contain allegations that require a response.

## AFFIRMATIVE DEFENSES

The following defenses are pled based on the information presently available to New York Marine. New York Marine reserves the right to amend and/or supplement its defenses as additional information becomes available.

## FIRST DEFENSE

There may be no justiciable cause of action or controversy between Plaintiffs and New York Marine.

## SECOND DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of estoppel, waiver and laches.

## THIRD DEFENSE

Coverage may be barred, in whole or in part, to the extent that the insured has failed to provide adequate and timely notice as required by the Policies.

## FOURTH DEFENSE

Coverage may be barred, in whole or in part, to the extent that the insured has

failed to fully perform its obligations under one or more of the Policies or to fully comply with the terms and conditions of one or more of the Policies.

**FIFTH DEFENSE**

Coverage may be barred, in whole or in part, to the extent that the insured has other insurance that affords coverage for the underlying claim.

**SIXTH DEFENSE**

Coverage may be barred, in whole or in part, to the extent that the underlying claim does not arise out of an "occurrence" or "accident" within the meaning of the Policies.

**SEVENTH DEFENSE**

Coverage is barred to the extent that the claim at issue was not unknown or contingent but a loss in progress or known loss at the time the Policies were issued.

**EIGHTH DEFENSE**

Coverage is barred to the extent the underlying "bodily injury" was expected or intended by the insured.

**NINTH DEFENSE**

Coverage is barred, in whole or in part, to the extent that the underlying "bodily injury" did not take place during the period of any of the Policies.

**TENTH DEFENSE**

Coverage is barred by the operation of the Pollution Exclusion contained in the Policies.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred to the extent the insured never requested that the

insurer provide it with a defense against any underlying claim.

### TWELFTH DEFENSE

Plaintiffs' claims are barred to the extent the insured never requested that the insurer indemnify it against any loss.

### THIRTEENTH DEFENSE

Plaintiffs' Complaint seeks indemnity related to what is defined in the Complaint as the "Quick Action." The "Quick Action" was voluntarily dismissed by the plaintiff in that matter, and Plaintiffs did not pay any settlement or judgment in relation to the "Quick Action." Therefore, New York Marine has no duty or obligation to indemnify Plaintiffs with respect to the "Quick Action."

### FOURTEENTH DEFENSE

To the extent that the insured negligently or intentionally failed to disclose, concealed or misrepresented facts material to the risk underwritten, one or more of the Policies is void ab initio.

### FIFTEENTH DEFENSE

There can be no recovery under the Policies in excess of the applicable policy limits and deductibles.

### SIXTEENTH DEFENSE

To the extent that the self-insured retentions and/or the underlying layers of insurance have not been properly exhausted, there can be no duty or obligation to indemnify the insured under the Policies.

### SEVENTEENTH DEFENSE

Coverage is barred, in whole or in part, to the extent that Plaintiffs are seeking

coverage with respect to claims against persons or entities that were not insureds under one or more of the Policies.

### EIGHTEENTH DEFENSE

Liability under the Policies, if any, is subject to proper allocation to other-insured, self-insured and uninsured periods.

### NINETEENTH DEFENSE

Coverage may be barred, in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsements and/or limitations in one or more of the Policies.

### TWENTIETH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

### TWENTY-FIRST DEFENSE

Coverage may be barred, in whole or in part, to the extent the insured has impaired or prejudiced any right to subrogation, indemnification or contribution that New York Marine has or may have had.

### TWENTY-SECOND DEFENSE

Coverage may be barred, in whole or in part, to the extent that the limits of one or more of the Policies has been exhausted or impaired.

### TWENTY-THIRD DEFENSE

To the extent that the NY Marine Excess Policy incorporates the terms and conditions of an underlying insurance policy, coverage is barred to the same extent that it is barred under that underlying policy.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims may be barred, in whole or part, to the extent that one or more of the Policies does contain a duty to defend.

**WHEREFORE**, New York Marine demands judgment in its favor and against Plaintiffs on the Complaint, dismissal of the Complaint with prejudice, reasonable costs and attorneys' fees incurred in defending this action, and any other relief deemed appropriate by the Court.

By: _/s/ Patrick J. Dwyer_
Patrick J. Dwyer
**SMITH, STRATTON,
WISE, HEHER & BRENNAN, LLP**
100 Park Avenue, Suite 1600
New York, New York 10017
(212) 768-3878 Telephone
(212) 768-3978 Facsimile
pdwyer@smithstratton.com
Counsel for Defendant
New York Marine and General Insurance Company, by its managing general agent and attorney-in-fact ProSight Specialty Management Company, Inc., formerly known as Mutual Marine Office, Inc.

Date: May 16, 2011