UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERGON, INC. and ERGON ASPHALT & EMULSIONS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>NYMAGIC, INC., NEW YORK MARINE AND GENERAL INSURANCE COMPANY, MUTUAL MARINE OFFICE, INC., and MUTUAL MARINE OFFICE OF THE MIDWEST, INC.,<br><br>    Defendants. | : Case No. 11 CIV 1080 (LTS)(FM)<br>:<br>:<br>: **ANSWER AND AFFIRMATIVE**<br>: **DEFENSES OF DEFENDANT**<br>: **PROSIGHT SPECIALTY**<br>: **MANAGEMENT COMPANY,**<br>: **INC., FORMERLY KNOWN AS**<br>: **MUTUAL MARINE OFFICE,**<br>: **INC. AND MUTUAL MARINE**<br>: **OFFICE OF THE MIDWEST INC.**<br>:<br>: |

ProSight Specialty Management Company, Inc. ("ProSight"), formerly known as Mutual Marine Office, Inc. and Mutual Marine Office of the Midwest Inc., answers Ergon, Inc. and Ergon Asphalt & Emulsions, Inc.'s (collectively "Plaintiffs") Complaint through its attorneys, Smith, Stratton, Wise, Heher & Brennan, LLP, as follows:

**NATURE OF THE LAWSUIT**

1.  To the extent the allegations in Paragraph 1 of the Complaint attempt to characterize the nature of this lawsuit and describe the relief Plaintiffs seek in this matter, it does not contain allegations that require a response.  To the extent it is deemed that these allegations require a response, ProSight denies knowledge or information sufficient to form a belief as to the truth of these allegations.  ProSight denies all other allegations contained in Paragraph 1 of the Complaint.  Specifically, ProSight denies that it has wrongfully refused to defend and indemnify Plaintiffs in an underlying action and that Plaintiffs have been forced to defend that action without the insurance coverage promised by ProSight under any policy of insurance.

## THE PARTIES

2.      ProSight is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and leaves Plaintiffs to their proofs.

3.      ProSight is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and leaves Plaintiffs to their proofs.

4.      Plaintiffs have dismissed their claim(s) against NY MAGIC, Inc. and a response to the allegations contained in Paragraph 4 of the Complaint is not required.

5.      Admitted.

6.      ProSight, formerly known as Mutual Marine Office, Inc., is incorporated in the State of New York with its principal place of business in New York, New York.

7.      ProSight, formerly known as Mutual Marine Office of the Midwest Inc., is incorporated in the State of New York with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

8.      ProSight is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and leaves Plaintiffs to their proofs.

9.      The allegations contained in Paragraph 9 of the Complaint state a legal conclusion, and no response is required.  To the extent it is deemed that a response is required, ProSight admits that its principal place of business and New York Marine and General Insurance Company's ("NY Marine") principal place of business are New York,

2

New York and that they conduct business in New York, New York.  ProSight denies the remaining allegations in Paragraph 9 of the Complaint that require a response.

## FACTUAL BACKGROUND

10.     ProSight denies that it sold general liability insurance policies to Plaintiffs. ProSight admits that NY Marine issued insurance policies through ProSight bearing the following numbers:  04580ML492, 08059ML593, 10893ML594, 13201ML595 and 15133ML596 ("NY Marine Policies").  ProSight states that the terms of the NY Marine Policies speak for themselves, and ProSight denies the allegations contained in Paragraph 10 of the Complaint to the extent they are inconsistent with those policies.

11.     ProSight states that the terms of the NY Marine Policies speak for themselves, and ProSight denies the allegations contained in Paragraph 11 of the Complaint to the extent they are inconsistent with those policies.  In addition, ProSight denies that it issued the NY Marine Policies.

12.     To the extent the allegations in Paragraph 12 of the Complaint state a legal conclusion, no response is required.  To the extent it is deemed that these allegations require a response, ProSight states that the terms of the NY Marine Policies speak for themselves, and ProSight denies the allegations contained in Paragraph 12 of the Complaint to the extent they are inconsistent with those policies.  In addition, ProSight denies that it issued the NY Marine Policies.

13.     To the extent the allegations in Paragraph 13 of the Complaint state a legal conclusion, no response is required.  To the extent it is deemed that these allegations require a response, ProSight states that the terms of the NY Marine Policies speak for themselves, and ProSight denies the allegations contained in Paragraph 13 of

the Complaint to the extent they are inconsistent with those policies.  In addition, ProSight denies that it issued the NY Marine Policies.

14.    ProSight admits only that all the premiums due under the NY Marine Policies have been paid.  ProSight denies the remaining allegations contained in Paragraph 14 of the Complaint.  In addition, ProSight denies that it issued the NY Marine Policies.

15.    ProSight denies that it sold an excess liability policy to Plaintiffs.  ProSight admits only that NY Marine issued an insurance policy through ProSight bearing the number 04579ML492 ("NY Marine Excess Policy").  ProSight states that the terms of the NY Marine Excess Policy speak for themselves, and ProSight denies the allegations contained in Paragraph 15 of the Complaint to the extent they are inconsistent with that policy.

16.    ProSight states that the terms of the NY Marine Excess Policy speak for themselves, and ProSight denies the allegations contained in Paragraph 16 of the Complaint to the extent they are inconsistent with that policy.  In addition, ProSight denies that it issued the NY Marine Excess Policy.

17.    ProSight states that the terms of the NY Marine Excess Policy speak for themselves, and ProSight denies the allegations contained in Paragraph 17 of the Complaint to the extent they are inconsistent with that policy.   In addition, ProSight denies that it issued the NY Marine Excess Policy.

18.    ProSight admits only that all the premiums due under the NY Marine Excess Policy have been paid.  ProSight denies the remaining allegations contained in Paragraph 18 of the Complaint.  In addition, ProSight denies that it issued the NY

Marine Excess Policy.

19.     ProSight admits that on January 27, 2009, Bonnie Quick, individually and as Plaintiff Ad Litem for Robert L. Quick, Jr., filed a complaint and instituted a matter captioned Quick v. BP Products North America Inc. et. al., case no. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed on Jan. 27, 2009).  ProSight is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, and leaves Plaintiffs to their proofs.

20.     ProSight is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and leaves Plaintiffs to their proofs.

21.     ProSight is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and leaves Plaintiffs to their proofs.

22.     Admitted.

23.     ProSight is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and leaves Plaintiffs to their proofs.

24.     ProSight is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and leaves Plaintiffs to their proofs.

25.     ProSight is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and leaves Plaintiffs to their proofs.

26.    ProSight admits that on April 6, 2010 it contacted Janis H. Erikson at Ergon Inc. in relation to the matter captioned <u>Quick v. BP Products North America Inc. et. al.</u>, case no. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed on Jan. 27, 2009). As to all other allegations in Paragraph 26 of the Complaint, ProSight is without knowledge or information sufficient to form a belief as to the truth of those allegations, and leaves Plaintiffs to their proofs.

27.    ProSight admits that on April 13, 2010 it advised Ergon Inc. that the NY Marine Policies and the NY Marine Excess Policy (collectively "the Policies") do not provide coverage for the matter captioned <u>Quick v. BP Products North America Inc. et. al.</u>, case no. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed on Jan. 27, 2009). ProSight admits that it advised Ergon, Inc. that benzene is considered a pollutant and contaminant and the pollution exclusion contained in the Policies excluded coverage. ProSight states that it also reserved all of its rights and defenses under the Policies. In addition, ProSight denies that it issued the Policies.

28.    ProSight denies the allegations in Paragraph 28 of the Complaint.

29.    ProSight denies the allegations in Paragraph 29 of the Complaint.

### FIRST CLAIM FOR RELIEF

30.    ProSight repeats and incorporates by reference its responses to Paragraphs 1 through 29 of the Complaint, inclusive, as if fully set forth at length herein.

31.    ProSight denies the allegations in Paragraph 31 of the Complaint.

32.    ProSight denies the allegations in Paragraph 32 of the Complaint.  In addition, ProSight states that the "Quick Action" as defined by Plaintiffs in the Complaint

was voluntarily dismissed by the plaintiff in that matter, and it did not result in Plaintiffs paying a settlement or judgment.

33.    ProSight denies the allegations in Paragraph 33 of the Complaint.

34.    ProSight denies the allegations in Paragraph 34 of the Complaint. ProSight did not issue the NY Marine Policies and there is no justiciable controversy between ProSight and Plaintiffs.

35.    Paragraph 35 of the Complaint does not contain allegations that require a response.  To the extent it is deemed that Paragraph 35 contains allegations that require a response, ProSight is without knowledge or information sufficient to form a belief as to the truth of those allegations, and leaves Plaintiffs to their proofs.

## SECOND CLAIM FOR RELIEF

36.    ProSight repeats and incorporates by reference its responses to Paragraphs 1 through 35 of the Complaint, inclusive, as if fully set forth at length herein.

37.    ProSight denies the allegations in Paragraph 37 of the Complaint.

38.    ProSight denies the allegations in Paragraph 38 of the Complaint.   In addition, ProSight states that the "Quick Action" as defined by Plaintiffs in the Complaint was voluntarily dismissed by the plaintiff in that matter and it did not result in Plaintiffs paying a settlement or judgment.

39.    ProSight denies the allegations in Paragraph 39 of the Complaint.

40.    ProSight denies the allegations in Paragraph 40 of the Complaint. ProSight did not issue the NY Marine Excess Policy and there is no justiciable controversy between ProSight and Plaintiffs.

41.    Paragraph 41 of the Complaint does not contain allegations that require a response.  To the extent it is deemed that Paragraph 41 contains allegations that require a response, ProSight is without knowledge or information sufficient to form a belief as to the truth of those allegations, and leaves Plaintiffs to their proofs.

## THIRD CLAIM FOR RELIEF

42.    ProSight repeats and incorporates by reference its responses to Paragraphs 1 through 41 of the Complaint, inclusive, as if fully set forth at length herein.

43.    ProSight is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and leaves Plaintiffs to their proofs.

44.    ProSight denies the allegations in Paragraph 44  of the Complaint.

45.    ProSight denies the allegations in Paragraph 45 of the Complaint.

## DEMAND FOR A JURY TRIAL

46.    Paragraph 46 of the Complaint does not contain allegations that require a response.

## AFFIRMATIVE DEFENSES

The following defenses are pled based on the information presently available to ProSight.  ProSight reserves the right to amend and/or supplement its defenses as additional information becomes available.

## FIRST DEFENSE

ProSight did not issue the Policies and it has no obligation or liability to Plaintiffs under the Policies.  Therefore, Plaintiffs have no valid claims against ProSight.

8

**SECOND DEFENSE**

There may be no justiciable cause of action or controversy between Plaintiffs and ProSight.

**THIRD DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of estoppel, waiver and laches.

**FOURTH DEFENSE**

Coverage may be barred, in whole or in part, to the extent that the insured has failed to provide adequate and timely notice as required by the NY Marine Policies and the NY Marine Excess Policy (collectively "the Policies").

**FIFTH DEFENSE**

Coverage may be barred, in whole or in part, to the extent that the insured has failed to fully perform its obligations under one or more of the Policies or to fully comply with the terms and conditions of one or more of the Policies.

**SIXTH DEFENSE**

Coverage may be barred, in whole or in part, to the extent that the insured has other insurance that affords coverage for the underlying claim.

**SEVENTH DEFENSE**

Coverage may be barred, in whole or in part, to the extent that the underlying claim does not arise out of an "occurrence" or "accident" within the meaning of the Policies.

**EIGHTH DEFENSE**

Coverage is barred to the extent that the claim at issue was not unknown or

contingent but a loss in progress or known loss at the time the Policies were issued.

## NINTH DEFENSE

Coverage is barred to the extent the underlying "bodily injury" was expected or intended by the insured.

## TENTH DEFENSE

Coverage is barred, in whole or in part, to the extent that the underlying "bodily injury" did not take place during the period of any of the Policies.

## ELEVENTH DEFENSE

Coverage is barred by the operation of the Pollution Exclusion contained in the Policies.

## TWELFTH DEFENSE

Plaintiffs' claims are barred to the extent the insured never requested that the insurer provide it with a defense against any underlying claim.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred to the extent the insured never requested that the insurer indemnify it against any loss.

## FOURTEENTH DEFENSE

Plaintiffs' Complaint seeks indemnity related to what is defined in the Complaint as the "Quick Action." The "Quick Action" was voluntarily dismissed by the plaintiff in that matter, and Plaintiffs did not pay any settlement or judgment in relation to the "Quick Action." Therefore, ProSight has no duty or obligation to indemnify Plaintiffs with respect to the "Quick Action."

## FIFTEENTH DEFENSE

To the extent that the insured negligently or intentionally failed to disclose, concealed or misrepresented facts material to the risk underwritten, the policy is void <u>ab initio</u>.

## SIXTEENTH DEFENSE

There can be no recovery under the Policies in excess of the applicable policy limits and deductibles.

## SEVENTEENTH DEFENSE

To the extent that the self-insured retentions and/or the underlying layers of insurance have not been properly exhausted, there can be no duty or obligation to indemnify the insured under the Policies.

## EIGHTEENTH DEFENSE

Coverage is barred, in whole or in part, to the extent that Plaintiffs are seeking coverage with respect to claims against persons or entities that were not insureds under one or more of the Policies.

## NINETEENTH DEFENSE

Liability under the Policies, if any, is subject to proper allocation to other-insured, self-insured and uninsured periods.

## TWENTIETH DEFENSE

Coverage may be barred, in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsements and/or limitations in one or more of the Policies.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

**TWENTY-SECOND DEFENSE**

Coverage may be barred, in whole or in part, to the extent the insured has impaired or prejudiced any right to subrogation, indemnification or contribution that the insurer has or may have had.

**TWENTY-THIRD DEFENSE**

Coverage may be barred, in whole or in part, to the extent that the limits of one or more of the Policies has been exhausted or impaired.

**TWENTY-FOURTH DEFENSE**

To the extent that the NY Marine Excess Policy incorporates the terms and conditions of an underlying insurance policy, coverage is barred to the same extent that it is barred under that underlying policy.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims may be barred, in whole or part, to the extent that one or more of the Policies does contain a duty to defend.

**WHEREFORE**, ProSight demands judgment in its favor and against Plaintiffs on the Complaint, dismissal of the Complaint with prejudice, reasonable costs and attorneys' fees incurred in defending this action, and any other relief deemed appropriate by the Court.

By: _____ */s/ Patrick J. Dwyer* _____
Patrick J. Dwyer
**SMITH, STRATTON,**
**WISE, HEHER & BRENNAN, LLP**
100 Park Avenue, Suite 1600
New York, New York 10017
(212) 768-3878 Telephone
(212) 768-3978 Facsimile
pdwyer@smithstratton.com
Counsel for Defendant
ProSight Specialty Management Company,
Inc., formerly known as Mutual Marine Office,
Inc. and Mutual Marine Office of the Midwest,
Inc.

Date: May 16, 2011

13