UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERGON, INC. and ERGON ASPHALT & EMULSIONS, INC.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　- against -<br><br>NYMAGIC, INC., NEW YORK MARINE AND GENERAL INSURANCE COMPANY, MUTUAL MARINE OFFICE, INC. and MUTUAL MARINE OFFICE OF THE MIDWEST, INC.,<br><br>　　　　　　　　　　Defendants. | No. 1:11-cv-01080-LTS<br><br>**PRELIMINARY PRE-TRIAL STATEMENT** |

Pursuant to paragraphs 3 and 4 of the Court's Initial Conference Order, dated February 25, 2011 (the "Order"), and Fed. R. Civ. P. 26(f), a telephone conference was held on June 3, 2011 and was attended by (1) Alex Hardiman and Carrie Maylor on behalf of Plaintiffs Ergon, Inc. and Ergon Asphalt & Emulsions, Inc. (together, "Plaintiffs" or "Ergon"); and (2) William Quackenboss on behalf of Defendants New York Marine and General Insurance Company, by its managing general agent and attorney-in-fact, ProSight Specialty Management Company, Inc. ("New York Marine"), and ProSight Specialty Management Company, Inc., formerly known as Mutual Marine Office, Inc. and Mutual Marine Office of the Midwest, Inc. ("ProSight") (collectively, "Defendants").[1] The parties submit this Preliminary Pre-Trial Statement in compliance with paragraph 4 of the Order.

### A.　A concise statement of the nature of this action.

Plaintiffs filed this action to obtain coverage for costs arising from *Quick v. BP Products North America et al.*, Case No. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed

---

[1] On or about May 16, 2011, Plaintiffs voluntarily dismissed Defendant NYMAGIC, Inc. from this action without prejudice.

Jan. 27, 2009) (the "Quick Action"), which was voluntarily dismissed. The Quick Action plaintiffs re-filed/filed a second complaint captioned *Quick v. BP Products North America et al.*, Case No. 1016-CV15889 (Cir. Ct. Jackson County, MO, filed May 25, 2010). Specifically, Plaintiffs seek declarations regarding Defendants' duty to defend and indemnify Plaintiffs for the Quick Action under various primary marine general liability policies (the "Primary Policies") and an excess policy (the "Excess Policy") (collectively, the "Policies"), which New York Marine issued to Plaintiffs, as well as damages for Defendants' breach of the Policies by disclaiming coverage.

Plaintiffs assert that *Quick v. BP Products North America et al.*, Case No. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed Jan. 27, 2009) was voluntarily dismissed with the agreement of the parties thereto that it would be re-filed, after the judge refused to grant an extension of the trial date in that action. Plaintiffs further assert that the complaints filed in *Quick v. BP Products North America et al.*, Case No. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed Jan. 27, 2009) and *Quick v. BP Products North America et al.*, Case No. 1016-CV15889 (Cir. Ct. Jackson County, MO, filed May 25, 2010) contain the same allegations against Plaintiffs.

**B.      A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.**

Plaintiffs' position is that this Court has jurisdiction over the action pursuant to 28 U.S.C. §1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court may grant relief in the form of a declaratory judgment pursuant to 28 U.S.C. § 2201.

Plaintiffs state that Ergon, Inc. and Ergon Asphalt & Emulsions, Inc. are citizens of Mississippi as they are each incorporated and maintain principal places of business there. Defendants state that New York Marine is incorporated in New York and maintains its principal place of business there, and ProSight is incorporated in New York and maintains its principal place of business there.

Defendants take no position on the basis of this Court's jurisdiction. Defendants specifically state that they currently have no information outside the allegation in the Plaintiffs' Complaint concerning Plaintiffs' current corporate citizenship or principal places of business. Additionally, Defendants do not possess information that would allow them to make a determination on the amount in controversy.

**C.      A concise statement of all material uncontested or admitted facts.**

The following comprise all material uncontested or admitted facts known to the parties at this time in this action:

       1.     New York Marine issued the Primary Policies bearing numbers 04580ML492, 08059ML593, 10893ML594, 13201ML595, and 15133ML596.

2. The premiums due under the Primary Policies have been paid.

3. New York Marine issued the Excess Policy bearing number 04579ML492.

4. The premiums due under the Excess Policy have been paid.

5. The Policies contain a Pollution Limitation Endorsement.

6. The Primary Policies contain a $100,000 deductible.

7. On January 27, 2009, Bonnie Quick, individually and as plaintiff ad litem for Robert L. Quick, Jr., filed a complaint and instituted a matter captioned *Quick v. BP Products North America et al.*, Case No. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed Jan. 27, 2009).

8. *Quick v. BP Products North America et al.*, Case No. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed Jan. 27, 2009) sought judgment against Plaintiffs and the other defendants named therein "in an amount in excess of Twenty-Five Thousand ($25,000) Dollars, plus exemplary damages and costs."

9. On April 6, 2010, Defendants contacted Janis H. Erikson at Ergon, Inc. in relation to *Quick v. BP Products North America et al.*, Case No. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed Jan. 27, 2009).

10. On April 13, 2010, Defendants asserted that the Policies did not cover costs incurred pursuant to *Quick v. BP Products North America et al.*, Case No. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed Jan. 27, 2009) on the ground that benzene was considered a pollutant under the Policies and coverage was thereby excluded by the Policies.

11. The plaintiffs in *Quick v. BP Products North America et al.*, Case No. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed Jan. 27, 2009), voluntarily dismissed their claims against all defendants on April 28, 2010.

12. The plaintiffs in *Quick v. BP Products North America et al.*, Case No. 0916-CV01903 (Cir. Ct. Jackson County, MO, filed Jan. 27, 2009) then filed a second complaint against Ergon captioned *Quick v. BP Products North America et al.*, Case No. 1016-CV15889 (Cir. Ct. Jackson County, MO, filed May 25, 2010).

13. On August 9, 2010, Ergon gave notice of *Quick v. BP Products North America et al.*, Case No. 1016-CV15889 (Cir. Ct. Jackson County, MO, filed May 25, 2010) to Defendants.

14. On August 9, 2010, Defendants acknowledged receipt of Ergon's August 9, 2010 notice regarding *Quick v. BP Products North America et al.*, Case

No. 1016-CV15889 (Cir. Ct. Jackson County, MO, filed May 25, 2010) and denied coverage under the Pollution Limitation Endorsement.

D. **A concise statement of all uncontested legal issues.**

At this stage of the action, the parties are unaware of any uncontested legal issues.

E. **A concise statement of all legal issues to be decided by the Court.**

The following comprise all legal issues to be decided by the Court in this action:

1. Whether Primary Policy number 04580ML492 contains a choice of law provision.

2. Which state or states law governs the interpretation of the Policies.

3. Whether the coverage grant of any or all Policies provides insurance coverage for the Quick Action, including whether all of the terms and conditions of the Policies have been met and all deductibles satisfied.

4. If there is coverage under one or all Policies for the Quick Action, does the pollution exclusion contained in the Pollution Limitation Endorsement, or any other exclusion in the Policies, apply to bar or limit the coverage afforded.

5. Proper allocation of the loss if coverage under more than one insurance policy is triggered.

The parties reserve the right to amend or raise additional legal issues as the action progresses.

F. **Each party's concise statement of material disputed facts.**

The parties agree that at this juncture there appear to be no material disputed facts, but that parties reserve the right to raise any such facts as discovery proceeds.

G. **A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.**

Plaintiffs set forth the following as the legal basis for each of Plaintiffs three causes of action,[2] but reserve the right to add or amend such legal basis as this action progresses:

---

[2] Plaintiffs have asserted causes of action for (1) declaratory judgment with regard to Defendants' duty to defend and indemnify Plaintiffs under the Primary Policies; (2) declaratory judgment with regard to Defendants' duty to defend and indemnify Plaintiffs under the Excess Policy; and (3) breach of the Policies.

1. The Defendants Have a Duty to Defend and Indemnify Plaintiffs in the Quick Action.

    (a) It is well-settled New York law that "[a]n insurer must defend whenever the four corners of the complaint suggest – or the insurer has actual knowledge of facts establishing – a reasonable possibility of coverage." *Continental Cas. Co. v. Rapid-American, Corp.*, 609 N.E.2d 506, 509 (N.Y. 1993) [hereinafter "*Rapid-American*"]; *see also Napoli, Kaiser & Bern, LLP v. Westport Ins. Corp.*, 295 F. Supp. 2d 335, 338 (S.D.N.Y. 2003); *Lowy v. Travelers Prop. & Cas. Co.*, No. 99 Civ. 2727 (MBM), 2000 WL 526702, at *2 (S.D.N.Y. May 2, 2000).

    (b) "An insurer seeking to avoid its duty to defend bears a heavy burden, which in practice is rarely met." *Hotel Des Artistes, Inc. v. Transamerica Ins. Co.*, No. 93 Civ. 4563 (SS), 1994 WL 263429, at *3 (S.D.N.Y. June 13, 1994); *see also United States Underwriters Ins. Co. v. Falcon Constr. Corp.*, No. 02 CV 4179 (BSJ), 2004 WL 1497563, at **5-6 (S.D.N.Y. July 1, 2004).

2. The Pollution Limitation Endorsement Does Not Apply to the Quick Action.

    (a) Under New York law, a pollution exclusion applies only to traditional environmental pollution, not injuries suffered in the course of employment arising out of the policyholder's known operations for which it purchased insurance coverage. *See Belt Painting Corp. v. TIG Ins. Co.*, 795 N.E.2d 15, 20 (N.Y. 2003).

    (b) New York law holds that when a pollution exclusion is ambiguous, it should be construed in favor of coverage. *See Belt Painting Corp.*, 795 N.E.2d at 20; *Rapid-American*, 609 N.E.2d at 513.

3. Regardless of the existence of other policies which may provide coverage for the defense of the Quick Action, Defendants must pay all of Ergon's defense costs.

    (a) Under New York law, a policyholder is entitled to a "complete defense" from any insurance company whose policy is implicated by the underlying action. *Rapid-American*, 609 N.E.2d at 513-514; *Fulton Boiler Works, Inc. v. Am. Motorists Ins. Co.*, No. 5:06-CV-1117 (GTS/DEP), 2010 WL 1257943, at *8 (N.D.N.Y. Mar.

25, 2010). The insurance company must first provide a "complete defense," and then it subsequently may argue for contribution from other insurance companies that also may be liable for the policyholder's loss. *See Rapid-American*, 609 N.E.2d at 513-514; *Reliance Nat'l Ins. Co. v. Royal Indem. Co.*, 2001 U.S. Dist. LEXIS 12901, at *61 (S.D.N.Y. Aug. 24, 2001); *see also Mendes & Mount v. American Home Assurance Co.*, 467 N.Y.S.2d 596, 598 (App. Div. 1983).

**H.      Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.**

Based on the information currently available to them, Defendants respond as follows[3]:

ProSight has no liability with respect to the Policies. ProSight was not a party to the insurance contracts at issue. ProSight simply served as the managing general agent for NY Marine with respect to the Policies.

New York Marine states that the coverage grant in the Policies does not provide coverage for the Quick Action. Specifically, the Quick Action does not constitute an "occurrence" under the Policies. Therefore, New York Marine has no obligation to defend or indemnify Plaintiffs in conjunction with the Quick Action. *United States Fid. & Guaranty Co. v. T.K. Stanley, Inc.*, 764 F. Supp. 81 (S.D. Miss. Apr. 23, 1991); *Acceptance Insurance Co. v. Powe Timber Co.*, 403 F. Supp. 2d 552 (S.D. Miss. Nov. 30, 2005).

Moreover, if it is deemed that the coverage grant in the Policies provides coverage for the Quick Action, New York Marine states that the pollution exclusions in the Policies exclude coverage for the Quick Action. *United States Fid. & Guaranty Co., v. B&B Oil Well Service, Inc.*, 910 F. Supp. 1172 (S.D. Miss. June 12, 1995); *American States Ins. v. Nethery*, 79 F.2d 473 (5th Cir. 1996).[4]

Additionally, if it is determined that the New York Marine Primary Policies provide coverage for the Quick Action, Plaintiffs must establish that they satisfied the deductable for each policy triggered before New York Marine is responsible for any defense and indemnity

---

[3] The parties have not yet engaged in discovery, and Defendants response is based on the information currently in its possession. Defendants reserve their rights to raise additional defenses in this matter. Moreover, Defendants state that one or more of the defenses set forth in their answers may be applicable based on information obtained during discovery.

[4] New York Marine asserts that the defenses set forth in Section H are applicable under any state's law. New York Marine cites to Mississippi law in Section H because it appears from the information known at this stage, that under New York choice of law principles Mississippi law will likely govern the Policies.

payments. Moreover, if it is determined that the Policies provide coverage, New York Marine is entitled to a pro rata based allocation of the defense and indemnity costs among all insurance polices under which Plaintiffs are insured and that are triggered by the underlying claim.

**I.     A concise statement of the measure of proof and on whom the burden of proof fall as to each cause of action or defense.**

Plaintiffs have the burden of proof with regard to whether the Quick Action falls within the Policies' general grant of coverage. Defendants bear the burden of proof with regard to whether the Pollution Limitation Endorsement excludes coverage for the Quick Action.

**J.     Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefore.**

Plaintiffs intend to move to amend their complaint by July 8, 2011. The parties acknowledge that the Federal Rules of Civil Procedure will govern amendments to pleadings in this action, unless the Court orders otherwise.

**K.     A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).**

The parties do not consent to transfer of the case to a magistrate judge for trial.

**L.     What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.**

The parties have agreed to make disclosures as required by Fed. R. Civ. P. 26(a)(1) on or before June 29, 2011.

**M.     The subjects on which disclosure may be needed and a proposed discovery cut-off date.**

Plaintiffs do not believe any discovery is necessary to decide the duty to defend. Subjects on which Plaintiffs may need disclosure with respect to issues other than the duty to defend include, but are not limited to, the drafting of the Pollution Limitation Endorsement, Defendants' claim file for the Quick Action, Defendants' underwriting files for the Policies, communications made to, from or among Defendants' regarding the Quick Action or the Policies, and any reserves set for coverage of the Quick Action.

Subjects on which Defendants may need disclosure include, but are not limited to, communications to and from Plaintiffs, or their agents or brokers, concerning the Policies, Plaintiffs' understanding and expectation of coverage under the Policies, the Quick Claim, nature and location(s) of Plaintiffs' operations, and Plaintiffs' understanding of the dangers of benzene.

        The parties propose that November 24, 2011 be the cut-off date for fact discovery.

**N.**     **Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.**

        The parties have not yet determined whether expert evidence will be necessary but propose that all expert discovery be completed by January 30, 2011. After the completion of expert discovery the parties contemplate a period during which they can file and brief any dispositive motions to the extent that such dispositive motions have not previously been made.

**O.**     **What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.**

        At present, the parties do not propose any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, nor do the parties propose other limitations on discovery.

**P.**     **The status of settlement discussions and the prospects for settlement of the action in whole or in part, <u>provided</u> that the Preliminary Pre-Trial Statement must not disclose to the Court specific settlement offers or demands.**

        At this stage in the proceedings, the parties do not believe that settlement talks will be fruitful as there has been no discovery. The parties intend to revisit this issue at a later date.

**Q.**     **A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.**

        The parties agree that this case is to be tried with a jury in light of the jury demand in Plaintiffs' Complaint. The parties estimate that the time needed for trial will be approximately five days or less.

R. **Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).**

The parties are discussing the possibility of a proposed confidentiality order to protect certain documents and/or information that may be disclosed pursuant to discovery.

Date: June 21, 2011

Respectfully submitted,

By: /s/ Carrie L. Maylor
William G. Passannante, Esq.
Alex D. Hardiman, Esq.
Carrie L. Maylor, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York  10020-1182
Phone: (212) 278-1000
Fax: (212) 278-1733

*Counsel for Plaintiffs
Ergon, Inc. and Ergon Asphalt &
Emulsions, Inc.*

By: /s/ Patrick J. Dwyer
Patrick J. Dwyer, Esq.
William E. Quackenboss, Jr., Esq.
SMITH, STRATTON, WISE, HEHER &
BRENNAN, LLP
2 Research Way
Princeton, NJ  08540
Phone: (609) 987-3994
Fax:   (609) 987-6661
wquackenboss@smithstratton.com

*Counsel for Defendants
New York Marine and General Insurance
Company, by its managing general agent
and attorney-in-fact, ProSight Specialty
Management Company, Inc., and ProSight
Specialty Management Company, Inc.,
formerly know as Mutual Marine Office,
Inc. and Mutual Marine Office of the
Midwest, Inc.*